UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MIRAMAX FILM CORP.,

                             Plaintiff,

  - against -

ALLISON PEARSON,

                             Defendant.
------------------------------------------------------------x

Civil Action No.

COMPLAINT

        MIRAMAX FILM CORP., by its undersigned attorneys, Schwartz & Thomashower LLP, for its Complaint, alleges as follows:

## NATURE OF THE ACTION

        1.    This is an action for breach of contract, anticipatory breach of contract, and unjust enrichment. Plaintiff Miramax Film Corp. ("Miramax") contracted with defendant Allison Pearson ("Pearson") to acquire the motion picture and other allied and ancillary rights in and to Pearson's unpublished novel with a working title of "I Think I Love You". Miramax paid Pearson $700,000 pursuant to a written contract as full consideration for Pearson's sale to Miramax of the motion picture and other allied and ancillary rights in and to that unpublished novel. Although five years have elapsed since Pearson accepted the $700,000 purchase price from Miramax for these rights in and to that unpublished novel, Pearson has failed and refused, despite due demand, to deliver the novel to Miramax.

1

## PARTIES AND JURISDICTION

2. Plaintiff Miramax Film Corp. is a corporation organized and existing under the laws of New York, with its principal place of business located at 161 Avenue of the Americas, New York, New York 10013.

3. Defendant Allison Pearson is an individual, who, upon information and belief, is a British citizen residing in Cambridge, England.

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332. Plaintiff is a citizen of New York and defendant is a citizen of a foreign state. Accordingly, there is complete diversity between plaintiff and defendant and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (a) and (d). Venue is also proper in the Southern District of New York pursuant to the written agreement between the parties that provides that all actions related to that agreement "shall be brought only in the federal and state courts located in New York County, New York." (¶ 25 F entitled "Legal Requirements").

## FACTS COMMON TO ALL CLAIMS

6. At all times relevant herein, Miramax has been in the business of, among other things, producing and distributing motion pictures, including numerous Oscar-winning and Oscar-nominated films.

7. Pearson is, upon information and belief, a well-known British columnist and the author of a best selling novel, "I Don't Know How She Does It".

8. Pursuant to the terms of the July 2, 2003 Memorandum of Agreement executed by Miramax and Pearson (the "Agreement"), and subject only to those rights expressly reserved by Pearson pursuant to paragraphs 7 and 8 of the Agreement, including the right to publish and distribute printed versions of the novel in print form, Pearson granted to Miramax all of the theatrical, television, allied and ancillary rights (the "Rights") in and to her unpublished novel with a working title of "I Think I Love You" (the "Book") as well as in and to all versions, and prior or subsequent adaptations of the novel, including, but not limited to, any memoranda, photographs, drawings, illustrations, maps, physical and documentary materials (collectively, with the Book, hereinafter referred to as the "Property").

9. Pursuant to the terms of the Agreement, Miramax agreed to pay to Pearson the sum of $700,000 (sometimes referred to herein as the "Purchase Price") as full consideration for Pearson's grant of the Rights in and to the Property to Miramax. Pearson agreed to perform her contractual obligations under the Agreement and deliver the Book, i.e., a completed work of fictional prose narrative of considerable length, to Miramax no later than two years from the contract date, i.e., no later than July 3, 2005.

10. In accordance with its obligations pursuant to paragraph 3A of the Agreement, on or about August 28, 2003, Miramax paid to Pearson the sum of $700,000 for the agreed upon Purchase Price for the Rights in and to the Property. Pearson accepted the Purchase Price and has retained, and has had the benefit of, that $700,000 for the past nearly

five years.

11. Since in or about 2005, Miramax has repeatedly requested that Pearson deliver the Book to Miramax as agreed. Pearson, however, has failed to do so. Moreover, since 2006, Pearson has failed to respond either orally or in writing to repeated and numerous communications from Miramax seeking assurance that Pearson would comply with her contractual obligations under the Agreement and requesting that Pearson advise Miramax as to when she would comply with those obligations and deliver the Book to Miramax. These communications include a recent March 7, 2008 letter from Miramax to Pearson wherein Miramax demanded delivery of the Book or the return of the Purchase Price by April 1, 2008.

12. Paragraph 25D of the Agreement entitled "Breach" provides that "neither party shall be liable for any breach of this Agreement unless the breaching party shall have received written notice from the non-breaching party of such breach and the breaching party shall not have cured the breach within seven (7) business days after receipt of such notice." (the "Cure Period.") Paragraph 25B of the Agreement provides that notices sent pursuant to the Agreement shall be deemed received on the same business day if sent by facsimile or by hand, on the next business day when sent by overnight mail, and 3 business days after mailing when sent by certified mail or registered mail.

13. In accordance with paragraphs 25B and 25D of the Agreement, on July 24, 2008, Miramax, through its attorneys, sent Pearson a written Notice of Breach (the "Notice of Breach") of her contractual obligations under the Agreement as a result of her failure to deliver the Book to Miramax on or before by July 3, 2005, the latest performance

date agreed to; by April 1, 2008 as demanded by Miramax on March 7, 2008; or within any reasonable time since the effective date of the Agreement. The Notice of Breach was sent by both facsimile and by overnight mail to the address Pearson designated in the Agreement for notices required to be sent pertaining to the Agreement. A copy of the Notice of Breach, together with facsimile transmission receipt, is annexed hereto as Exhibit A. Accordingly, pursuant to the terms of the Agreement, Pearson had seven (7) business days, until August 4, 2008, to cure her breach of her contractual obligations under the Agreement.

14. Pearson, however, failed to cure her breach within the Cure Period in that she has neither delivered the Book nor returned the $700,000 to Miramax, which monies she continues to retain and from which she continues to derive a benefit. Accordingly, Miramax has been damaged by Pearson's conduct as alleged herein.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(Breach of Contract)

15. Miramax repeats and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint with the same force and effect as if fully set forth herein.

16. From the inception of the parties' relationship, Miramax has fully complied with its obligations under the Agreement by paying to Pearson the contractually agreed upon Purchase Price of $700,000 to acquire the Rights in and to the Property.

17. Pearson has failed to comply with her obligations under the Agreement and has breached the Agreement by failing and refusing to deliver to the Book no later than two (2) years of the effective date of the Agreement, as she agreed to do; by April 1, 2008 as Miramax subsequently demanded; or, alternatively, within any reasonable time

period after the parties' agreement. Accordingly, Pearson is in complete breach of the Agreement.

18. Although Miramax provided Pearson with the contractually agreed upon Notice of Breach, as provided for in paragraph 25D of the Agreement, Pearson failed to cure her breach of the Agreement within the contractually agreed upon Cure Period.

19. By reason of the foregoing, Pearson has breached her contract with Miramax, and Miramax has been damaged in an amount to be determined at trial, but in no event less than $700,000, plus interest. Accordingly, Miramax is entitled to Judgment against Pearson for at least $700,000, together with interest thereon.

AS AND FOR A SECOND CLAIM FOR RELIEF
(In the alternative, Anticipatory Breach of Contract)

20. Miramax repeats and realleges each and every allegation set forth in paragraphs 1 through 19 of this Complaint with the same force and effect as if fully set forth herein.

21. Since in or about October 2006, Pearson has failed and refused to respond to any of Miramax's inquiries to Pearson, including most recently on March 7, 2008, as to when or if Pearson would comply with her contractual obligations under the Agreement and deliver the Book to Miramax. In the alternative if Pearson was _arguendo_ deemed not to have breached the Agreement, then Pearson has anticipatorily breached and repudiated the Agreement by reason of her affirmative refusal and voluntary failure to communicate with Miramax for almost 2 years in that Pearson has expressed a clear and unequivocal intention not to perform her contractual obligations to deliver the Book to Miramax, and also has failed to provide Miramax with an assurance of due performance of

Pearson's contractual obligations under the Agreement.

22. By reason of the foregoing, Pearson has anticipatorily breached her contract with Miramax, and Miramax has been damaged in an amount to be determined at trial, but in no event less than $700,000, plus interest. Accordingly, Miramax is entitled to judgment against Pearson for at least $700,000, together with interest thereon.

## AS AND FOR A THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

23. Miramax repeats and realleges each and every allegation set forth in paragraphs 1 through 22 of this Complaint with the same force and effect as if fully set forth herein.

24. Miramax's payment of $700,000 to acquire the Rights in and to the Property, where Pearson has failed and refused to deliver the Book to Miramax, conferred a benefit on Pearson.

25. Pearson accepted and has continued to retain the $700,000 paid to her by Miramax.

26. Pearson has been enriched by receiving $700,000 at Miramax's expense.

27. Pearson's acceptance and retention of the benefit conferred upon her by Miramax's payment renders it inequitable for Pearson to retain that payment.

28. By reason of the foregoing, it is against equity and good conscience to permit Pearson to retain the $700,000 received from Miramax. Accordingly, based on the doctrine of unjust enrichment, Miramax is entitled to restitution from Pearson of the $700,000 that Miramax paid to her.

WHEREFORE, plaintiff Miramax demands judgment in its favor and against defendant Pearson as follows:

    A.    On the First Claim for Relief in an amount not less than $700,000;

    B.    On the alternative Second Claim for Relief, in an amount not less than $700,000;

    C.    On the Third Claim for Relief in an amount not less than $700,000;

    D.    On each Claim for Relief, for interest and plaintiff's costs, disbursements and attorneys' fees as allowed by law; and

    E.    Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 8, 2008

SCHWARTZ & THOMASHOWER LLP

By: _____
    Rachel Schwartz (RS-4372)
    William Thomashower (WT 7071)
115 Broadway, Suite 1505
New York, New York 10006
(212) 227-4300

Attorneys for Plaintiff Miramax Film Corp.

EXHIBIT A

# Schwartz & Thomashower LLP
### ATTORNEYS AT LAW

Phone: (212) 227-4300  
Fax: (212) 227-4311

115 Broadway  
Suite 1505  
New York, New York 10006

Email: rschwartz@stllplaw.com  
wthomashower@stllplaw.com  
Web: stllplaw.com

July 24, 2008

By FEDEX and  
Facsimile (310) 859-4462

Ms. Allison Pearson  
c/o The William Morris Agency  
One William Morris Place  
Beverly Hills, California 90212

Attention: Cara Stein, Alicia Gordon and Mary Harding

Re: NOTICE OF BREACH of July 2, 2003 Agreement between Miramax Film Corp. and Allison Pearson re: "I THINK I LOVE YOU"

Dear Ms. Pearson:

We are attorneys for Miramax Film Corp. ("Miramax"). We are writing with respect to the July 2, 2003 Agreement executed by you and Miramax (the "Agreement") concerning Miramax's acquisition of the motion picture and other allied and ancillary rights (the "Rights") in and to your unpublished book with a working title of "I Think I Love You" (the "Book"). Notwithstanding Miramax's repeated requests that you comply with your obligations under the Agreement, including its most recent request on March 7, 2008, you have neither delivered the Book to Miramax as required by the Agreement nor returned to Miramax the $700,000 purchase price Miramax paid to you on or about August 28, 2003 to acquire the Rights in and to the Book.

Please be advised that as a result of your failure to comply with your obligations notwithstanding the prior notice of March 7, 2008, you are in breach of the Agreement. Pursuant to paragraph 25D of the Agreement (entitled "Breach"), you have seven (7) business days from receipt of this Notice, i.e., until August 4, 2008, to cure

Schwartz
&
Thomashower LLP

Ms. Allison Pearson
c/o The William Morris Agency
July 24, 2008
Page 2 of 3

your breach by either delivering the Book to Miramax or returning the $700,000 purchase price, plus interest, to Miramax in immediately available funds. In the event of your failure to do so, Miramax will pursue its available legal rights and remedies, all of which are expressly reserved.

Please be further advised that all future communications concerning this matter should be directed to this office, to my attention. However, in accordance with paragraph 25B of the Agreement, please note that all Notices required to be sent pertaining to the Agreement pursuant to paragraph 25B should now be sent to Rosalind I. Lawton, Esq., Vice President, Business and legal Affairs, Miramax Film Corp., 161 Avenue of Americas, 15th Floor, New York, New York 10013, facsimile number 646-505-5775

Very truly yours,

Rachel Schwartz

SCHWARTZ & THOMASHOWER LLP
Suite 1505
115 Broadway
New York, N.Y. 10006
Tel. 212-227-4300
Fax. 212-227-4311

## FACSIMILE COVER SHEET

DATE:            July 24, 2008

PLEASE SEND

TO:              **Alicia Gordon for**
                 Ms. Allison Pearson
                 c/o The William Morris Agency
                 One William Morris Place
                 Beverly Hills, California 90212

FAX NO:          (310) 859-4462

FROM:            Rachel Schwartz, Esq.

NO. OF PAGES INCLUDING COVER SHEET   3

MESSAGE:

                 Please see the attached.

This facsimile transmission contains confidential and/or legally privileged information from the law firm Schwartz & Thomashower LLP intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO                  1343
CONNECTION TEL            913108594462
SUBADDRESS
CONNECTION ID
ST. TIME                  07/24 15:05
USAGE T                   00'56
PGS. SENT                 3
RESULT                    OK
```

## SCHWARTZ & THOMASHOWER LLP
Suite 1505
115 Broadway
New York, N.Y. 10006
Tel. 212-227-4300
Fax. 212-227-4311

## FACSIMILE COVER SHEET

DATE:        July 24, 2008

PLEASE SEND

TO:          **Alicia Gordon for**
             Ms. Allison Pearson
             c/o The William Morris Agency
             One William Morris Place
             Beverly Hills, California  90212

FAX NO:      (310) 859-4462

FROM:        Rachel Schwartz, Esq.

NO. OF PAGES INCLUDING COVER SHEET  3

MESSAGE:

Please see the attached.

Page 1 of 1

From: Origin ID: FIDA (212)227-4300
Rachel Schwartz
Schwartz & Thomashower LLP
115 Broadway
Suite 1505
New York, NY 10006



CLS05308/21/24

SHIP TO: 2122274300    BILL SENDER
**Alicia Gordon**
**William Morris Agency**
**1 WILLIAM MORRIS PL**

**BEVERLY HILLS, CA 902124261**

Ship Date: 24JUL08
ActWgt: 1 LB
System#: 2806384/INET8061
Account#: S ********

Delivery Address Bar Code



Ref #
Invoice #
PO #
Dept #

TRK# 7989 8528 3655    FRI - 25JUL    A1
0201                    **PRIORITY OVERNIGHT**

**XH CCDA**    90212
              CA-US
              LAX



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en//PrintIFrame.html    7/24/2008

SCHWARTZ & THOMASHOWER LLP
Suite 1505
115 Broadway
New York, N.Y. 10006
Tel. 212-227-4300
Fax. 212-227-4311

## FACSIMILE COVER SHEET

DATE:          July 24, 2008

PLEASE SEND

TO:          **Cara Stein**
For Ms. Allison Pearson
c/o The William Morris Agency
One William Morris Place
Beverly Hills, California 90212

FAX NO:      (310) 859-4462

FROM:       Rachel Schwartz, Esq.

NO. OF PAGES INCLUDING COVER SHEET  3

MESSAGE:

                           Please see the attached.

This facsimile transmission contains confidential and/or legally privileged information from the law firm Schwartz & Thomashower LLP intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                    1344
CONNECTION TEL              913108594462
SUBADDRESS
CONNECTION ID
ST. TIME                    07/24 15:06
USAGE T                     02'13
PGS. SENT                   3
RESULT                      OK
```

# SCHWARTZ & THOMASHOWER LLP
Suite 1505
115 Broadway
New York, N.Y. 10006
Tel. 212-227-4300
Fax. 212-227-4311

## FACSIMILE COVER SHEET

DATE:          July 24, 2008

PLEASE SEND

TO:            **Cara Stein**
               For Ms. Allison Pearson
               c/o The William Morris Agency
               One William Morris Place
               Beverly Hills, California 90212

FAX NO:        (310) 859-4462

FROM:          Rachel Schwartz, Esq.

NO. OF PAGES INCLUDING COVER SHEET  3

MESSAGE:

Please see the attached.

From: Origin ID: FIDA (212)227-4300
Rachel Schwartz
Schwartz & Thomashower LLP
115 Broadway
Suite 1505
New York, NY 10006



FedEx Express

E

CLS053008/21/24

Ship Date: 24JUL08
ActWgt: 1 LB
System#: 2806384/INET8061
Account#: S ********

Delivery Address Bar Code



Ref #
Invoice #
PO #
Dept #

SHIP TO: 212-227-4300    BILL SENDER
**Cara Stein**
**William Morris Agency**
**1 WILLIAM MORRIS PL**

**BEVERLY HILLS, CA 902124261**

TRK# 7998 8628 4088
0201

FRI - 25JUL    A1
**PRIORITY OVERNIGHT**
**RES**

**XH CCDA**

90212
CA-US
LAX



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en//PrintIFrame.html    7/24/2008

SCHWARTZ & THOMASHOWER LLP
Suite 1505
115 Broadway
New York, N.Y. 10006
Tel. 212-227-4300
Fax. 212-227-4311

## FACSIMILE COVER SHEET

DATE:            July 24, 2008

PLEASE SEND

TO:              **Mary Harding** for
                 For Ms. Allison Pearson
                 c/o The William Morris Agency
                 One William Morris Place
                 Beverly Hills, California 90212

FAX NO:          (310) 859-4462

FROM:            Rachel Schwartz, Esq.

NO. OF PAGES INCLUDING COVER SHEET   3

MESSAGE:

                 Please see the attached.

This facsimile transmission contains confidential and/or legally privileged information from the law firm Schwartz & Thomashower LLP intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

```
***********************
***   TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO              1345
CONNECTION TEL              913108594462
SUBADDRESS
CONNECTION ID
ST. TIME              07/24 15:09
USAGE T               00'56
PGS. SENT             3
RESULT                OK
```

**SCHWARTZ & THOMASHOWER LLP**
Suite 1505
115 Broadway
New York, N.Y. 10006
Tel. 212-227-4300
Fax. 212-227-4311

## FACSIMILE COVER SHEET

DATE:    July 24, 2008

PLEASE SEND

TO:    **Mary Harding** for
For Ms. Allison Pearson
c/o The William Morris Agency
One William Morris Place
Beverly Hills, California 90212

FAX NO:    (310) 859-4462

FROM:    Rachel Schwartz, Esq.

NO. OF PAGES INCLUDING COVER SHEET  3

MESSAGE:

Please see the attached.

From: Origin ID: FIDA (212)227-4300
Rachel Schwartz
Schwartz & Thomashower LLP
115 Broadway
Suite 1505
New York, NY 10006



CLS053008/21/24

SHIP TO: 212-227-4300     BILL SENDER
**Mary Harding**
**William Morris Agency**
**1 WILLIAM MORRIS PL**

**BEVERLY HILLS, CA 902124261**

Ship Date: 24JUL08
ActWgt: 1 LB
System#: 2806384/INET8061
Account#: S ********

Delivery Address Bar Code



Ref #
Invoice #
PO #
Dept #

TRK# 0201  7993 5663 6882     FRI - 25JUL     A1
**PRIORITY OVERNIGHT**
**RES**

**XH CCDA**     90212
CA-US
LAX





**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.